UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY BLITCH, DAVID KNIGHT, and DANIEL SNYDER,<br><br>        Plaintiffs,<br><br>v.<br><br>The CITY OF SLIDELL; FREDDY DRENNAN, in his official capacity; and EUGENE HOWARD, in his official capacity,<br><br>        Defendants. | CIVIL ACTION NO.:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT**

## INTRODUCTION

1. This is an action under 42 U.S.C. §§1983 and 1988. Plaintiffs seek a preliminary and permanent injunction barring the City of Slidell (the "City") from enforcing §11-207 of the Slidell Municipal Code (the "panhandling ordinance"), in violation of their First Amendment rights. Plaintiffs also seek a declaratory judgment, nominal damages, and attorneys' fees.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction in this matter under 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this Court under 28 U.S.C. §1391(b) because the City is located within this District, and the individual Defendants reside in this District.

4. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. A declaration of law is necessary to determine the respective rights and duties of the parties.

## THE PARTIES

5. Plaintiff GARY BLITCH is an adult resident of Slidell, Louisiana who actively solicits alms in the City. He is a veteran of the U.S. Army.

6. Plaintiff DAVID KNIGHT is an adult resident of Slidell, Louisiana who actively solicits alms in the City.

7. Plaintiff DANIEL SNYDER is an adult resident of Slidell, Louisiana who actively solicits alms in the City.

8. Defendant CITY OF SLIDELL is a municipality of the State of Louisiana. The City is directly responsible for acts complained of herein due to the policies and practices of its police department and other employees, and because it enacted the panhandling ordinance. The City maintains the right and the power to sue and be sued.

9. Defendant FREDDY DRENNAN is the Mayor and a resident of the City. He is responsible for the final supervision of the Slidell Police Department, and for the final execution and enforcement of the City's ordinances. Drennan is a final policymaker on all issues related to the ordinance challenged herein, and he is sued in his official capacity.

10. Defendant EUGENE HOWARD is a resident of the City and the acting Chief of the Slidell Police Department. He enforces Louisiana's criminal laws and the City's ordinances. Howard is sued in his official capacity.

## FACTUAL ALLEGATIONS

11. On July 12, 2016, the Slidell City Council (the "City Council") unanimously adopted Ordinance No. 3826 ("Ordinance"), deleting the existing §11-207 of the Slidell Municipal Code and replacing it with a requirement that all persons must register with police, provide proof of their identity, and obtain a permit before soliciting alms within the City limits.

12. The enacted Ordinance reads, in pertinent part:

   (a) It shall be unlawful for any person to beg or panhandle upon the streets of any public property without first obtaining a permit from the Chief of Police or his designee.

   (b) Application for the permit shall be in writing on a form furnished by the chief of police and shall be submitted to the police department at least 48 hours before the first day sought for begging. The application shall include the full legal name of the applicant, the applicant's address, telephone numbers, and e-mail addresses, and any other information needed to establish the applicant's identity. The applicant shall also provide picture

3

    identification at the time the application is submitted or, if picture identification is impractical, the applicant shall provide other documentation that definitively establishes identity. The chief shall grant the permit unless:

(1) The application contains a false or fraudulent statement; or

(2) The applicant has been convicted of violating begging or panhandling ordinances within the 12 months prior to the application date.

The city shall grant or deny the permit within 24 hours after a completed application is submitted. An applicant may appeal a denial of a permit to the chief administrative officer of the city if the appeal is taken within ten days after receiving actual notice of denial.

13. The Ordinance also requires each permit applicant to wear the permit on his or her chest so that it can be inspected upon request.[1] Under the terms of the Ordinance, a permit may be denied if the applicant has previous criminal convictions for offenses such as assault, communicating a threat, illegal use of a weapon, an act or attempted act of violence.[2]

14. On October 11, 2016, the ACLU of Louisiana sent a letter to the members of the City Council advising them that the ordinance is unconstitutional. The letter read, in pertinent part: "The ACLU of Louisiana has learned that the City of Slidell has adopted an ordinance, Ordinance 3826, requiring panhandlers to register with the police, and to obtain a permit, before engaging in what has long been recognized as a protected First Amendment activity."

---

[1] *See* Slidell Municipal Code § 11-207 (d).
[2] *See* Slidell Municipal Code § 11-207 (c).

15. On October 25, the City Council unanimously adopted Ordinance No. 3838, amending Ordinance 3826. The amendment did not change the previously enacted permit requirements. It amended Slidell Municipal Code § 11-207(a) as follows:

    (a) It shall be unlawful for any person to beg or panhandle within the City limits of Slidell without first obtaining a permit from the Chief of Police or his designee.

16. Upon information and belief, the Slidell Police Department took no action to enforce the new ordinance until after it was amended in October 2016.

17. According to published news reports, Assistant Police Chief Kevin Swann stated that a "30-day grace period" would become effective upon the Mayor's signature of Ordinance 3838. During that "grace period," police officers would "inform panhandlers and beggars of the requirement and help them comply with it, such as by providing them a ride to police headquarters to fill out their application."[3]

18. On October 27, 2016, Mayor Freddy Drennan signed Ordinance 3838, marking the beginning of the "grace period."

19. On an almost daily basis, Plaintiffs Gary Blitch, David Knight, and Daniel Snyder walk from their areas of residence to locations within the City limits, typically high-traffic intersections, and they solicit alms from passersby.

---

[3] "No permit, no panhandling: Slidell soon to enforce law that could result in jail times, fines" http://www.theadvocate.com/new_orleans/news/communities/st_tammany/article_55d5f364-9bbc-11e6-9734-e391508ffa17.html

5

20. On Nov. 17, between the hours of 4 and 5 p.m., Mr. Snyder was panhandling near the intersection of Gause Boulevard and Interstate 10 when an unidentified Slidell police officer approached him in a police vehicle and communicated with him using a loudspeaker.
21. The unidentified police officer told Mr. Snyder that he needed a permit to panhandle, without which he could be sent to jail, or he could "get a job."
22. Mr. Snyder replied that the permit requirement was a violation of his rights under the First Amendment to the United States Constitution. The officer disagreed.
23. Mr. Snyder requested the officer's name and badge number, but the officer refused to provide the information. He drove away in his police vehicle, which bore the number 184.
24. Plaintiffs reasonably fear arrest and prosecution under the panhandling ordinance, and they assert that the ordinance infringes their constitutionally protected freedom of speech by requiring them to gain the prior permission of the Slidell Police Department in order to engage in protected speech.

## CAUSES OF ACTION

### FIRST CLAIM

**(The First Amendment: §11-207 is a content-based, viewpoint-discriminatory restriction on free speech)**

25. Plaintiffs reallege and reincorporate the above allegations.

26. §11-207 is a content-based, viewpoint-discriminatory restriction on free speech that prohibits the solicitation of alms in traditional public forums, the streets, sidewalks, and parks of the City, at all times without first registering with the police. Only that specific speech requires registration and prior permission from the police.

27. Alternatively, 11-207 is a content-based, viewpoint-neutral measure that equally restricts free speech by requiring registration and prior permission from the police.

28. Either way, §11-207 is subject to strict scrutiny.

29. The City has no compelling interest requiring §11-207, nor can it because it can have no legitimate interest in violating protected First Amendment rights.

30. Even if the City had a compelling interest requiring §11-207, the measure is not so narrowly tailored that no less-restrictive measure would satisfy the City's purported interest in infringing the Constitutional rights of people in the City.

31. As a direct result of §11-207, Plaintiffs fear arrest and prosecution if they exercise their First Amendment rights to solicit alms without registering with the police and obtaining a permit.

32. As such, §11-207 is unconstitutional under the First Amendment.

## SECOND CLAIM

**(The First Amendment: Alternatively, §11-207 is an improper restriction on the time, place, or manner of free speech)**

33. Plaintiffs reallege and reincorporate the above allegations.

34. Because §11-207 is content-based applying only to "panhandling" and to no other forms of speech, it cannot be a valid time, place, or manner restriction.

35. However, even if §11-207 is content-neutral, it nonetheless imposes an unconstitutional time, place, or manner restriction on First Amendment activity, as it is not justified by a substantial state interest, is not narrowly tailored, and does not leave ample alternative forums for Plaintiffs' Constitutionally protected expression.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Gary Blitch, David Knight, and Daniel Snyder, having no adequate remedy at law, request the following:

1. A preliminary injunction barring Defendants from enforcing §11-207;

2. After due proceedings, a permanent injunction barring Defendants from enforcing §11-207;

3. A declaratory judgment that §11-207 is unconstitutional;

4. Nominal damages;

5. Reasonable attorneys' fees, expenses and costs under 42 U.S.C. §1988 and any other applicable law; and

6. Any equitable and additional relief that the Court deems proper.

Respectfully submitted by:

/s/ *Bruce Hamilton*
Bruce Hamilton, La. Bar No. 33170
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, Louisiana 70156
Telephone: (504) 522-0628
Facsimile: (888) 534-2996
Email: bhamilton@laaclu.org

RONALD L. WILSON, La. Bar No. 13575
ACLU Foundation of Louisiana
COOPERATING ATTORNEY
701 Poydras Street – Suite 4100
New Orleans, Louisiana 70139
PH:     (504) 525-4361
FAX:    (504) 525-4380
Email: cabral2@aol.com